[No. C011100. Third Dist., Jan. 30, 1992.]

ANNETTE MERENDA, Petitioner, v.
THE SUPERIOR COURT OF NEVADA COUNTY, Respondent;
CRAIG A. DIAMOND et al., Real Parties in Interest.

## COUNSEL

Martin & Frassetto and Paul A. Frassetto for Petitioner.

No appearance for Respondent.

Jeanne M. Carroll, Steven A. Lewis, Murphy, Pearson, Bradley & Feeney, Karen M. Goodman, Lynn Shapiro and Douglas L. Johnson for Real Parties in Interest.

## OPINION

**PUGLIA, P. J.**—Petitioner (plaintiff) seeks a writ of mandate compelling respondent superior court to vacate an order granting the motion of the real parties in interest (defendants) for summary adjudication of issues, and to enter a new order denying that motion. Plaintiff is suing defendants, who are attorneys, in respondent superior court for legal malpractice. Defendants moved in that action for summary adjudication of two issues: whether in an

action for legal malpractice, plaintiff may recover (1) emotional distress damages resulting directly from the attorneys' negligence, and (2) compensatory damages in the amount of the punitive damages plaintiff would have obtained but for the attorneys' negligence causing the discharge in bankruptcy of a claim against a third party.

We shall conclude that plaintiff cannot recover damages for emotional distress suffered as a result of defendants' negligent legal malpractice, but can recover as compensatory damages the amount she would have received as punitive damages on the discharged claim against the third party.

Plaintiff's complaint alleges she hired defendants to represent her in an action to recover damages from her former employer, William A. Brown, for Brown's alleged sexual assault and battery of plaintiff. Brown filed a chapter 7 petition for bankruptcy. (11 U.S.C. § 701 et seq.) Defendants subsequently undertook to represent plaintiff in her creditor's claim in the bankruptcy. Plaintiff's cause of action against Brown was not dischargeable in bankruptcy. Defendants negligently failed to seek relief from the automatic stay effected by the bankruptcy case so that plaintiff could pursue her action for damages against Brown. Defendants also negligently failed to file a timely adversarial action in the bankruptcy to establish plaintiff's claim was non-dischargeable. As a proximate result of these and other unspecified acts of malpractice, plaintiff's claim for damages against Brown was discharged in bankruptcy. Plaintiff alleges as a consequence of defendants' negligence she suffered damages in the amount of $500,000, the value of the underlying case against Brown, plus $100,000 for severe emotional distress caused by defendants' negligence.

Defendants filed a statement of undisputed facts reciting the facts pleaded in plaintiff's complaint as set forth above, adding the fact, established through discovery, that a portion of the $500,000 sought by plaintiff for the lost recovery in the underlying action includes punitive damages plaintiff contends she would have recovered against Brown. Plaintiff opposed the motion, but agreed the facts are undisputed.

After a hearing, the superior court granted defendants' motion for summary adjudication in part, ruling plaintiff may not recover compensatory damages in the amount of the punitive damages she allegedly would have recovered from Brown but for defendants' negligence. With the acquiescence of the parties, the court treated defendants' motion for summary adjudication of the issue of plaintiff's entitlement to emotional distress damages as a motion for judgment on the pleadings and ruled that such damages could not be recovered.

## I

Preliminarily, we address the procedural posture of defendants' motion. The motion was characterized as one for summary adjudication of issues, yet did not challenge the factual allegations of the complaint. It assumed their truth and attacked the legal sufficiency of the pleadings as a predicate for the challenged damages.

This is not an appropriate matter for resolution by summary judgment. (See *Andalon* v. *Superior Court* (1984) 162 Cal.App.3d 600, 604-606 [208 Cal.Rptr. 899].) Nor is the matter amenable to resolution by motion for judgment on the pleadings, as the claimed defects could not have been reached by a timely general demurrer. (See 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, §§ 261-[262], pp. 563-565.) The issues could have been reached by a motion *in limine* to exclude the evidence pertaining to damages. Notwithstanding these procedural defects, in view of the nature of the issues and the positions here taken by the parties, we will treat the matter as if it had been so characterized. (See *Andalon, supra,* 162 Cal.App.3d at pp. 605-606 and p. 612, fn. 8.)

## II

The trial court followed *Quezada* v. *Hart* (1977) 67 Cal.App.3d 754 [136 Cal.Rptr. 815], which held that damages for emotional distress may not be recovered in an action for negligent legal malpractice. Plaintiff argues that *Quezada* has been undercut by later decisions, principally *Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518], in which the Supreme Court abandoned the physical injury test. (*Molien, supra,* 27 Cal.3d at pp. 924-930.) We agree with that assessment. (See *Holliday* v. *Jones* (1989) 215 Cal.App.3d 102, 114-115 [264 Cal.Rptr. 448]; cf., *Andalon, supra,* 162 Cal.App.3d at p. 610, fn. 6.) However, that does not end the matter. The result in *Quezada* is supportable for a reason not discussed in *Molien*: that damages for emotional distress arising out of acts which invade an interest protected by established tort law are recoverable only if the claimed emotional distress naturally ensues from the acts complained of. Plaintiff has made no showing that emotional distress naturally ensues from the garden variety claim of legal malpractice involved here.

The extent to which legal protection should extend to an interest in mental tranquillity is a subject of much controversy. (*Molien, supra,* 27 Cal.3d at p. 924.) The controversy did not end with *Molien*, which continues to be the subject of recurrent criticism. (See, e.g., *Thing* v. *La Chusa* (1989) 48 Cal.3d

644, 658-660 [257 Cal.Rptr. 865, 771 P.2d 814].) However, we do not here consider whether *Molien* has itself been undermined. We assume its vitality for purposes of our analysis.

In *Quezada, supra,* 67 Cal.App.3d 754, the appellate court affirmed the trial court's denial of parasitic damages for emotional distress in a legal malpractice action where defendants negligently failed to bring a meritorious quiet title action to trial within five years. The appellate court reasoned that damages for emotional distress can be recovered only in cases of tortious conduct "involving either physical impact and injury to plaintiff or intentional wrongdoing by defendant . . . [or] when the tortfeasor's conduct, although negligent as a matter of law, contain[ed] elements of intentional malfeasance or bad faith." (*Id.,* at p. 761.)

In *Molien, supra,* 27 Cal.3d 916, the Supreme Court abandoned the rule requiring physical impact or physical injury as a predicate for recovery for emotional distress caused by mere negligence. The court acknowledged that the rule serves "to minimize a presumed risk of feigned injuries and false claims" (*id.,* at p. 925), but noted there are other ways to assure the validity of a claim as "when the plaintiff asserts an independent cause of action apart from personal injury." (*Id.,* at p. 927, citing *Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425 [58 Cal.Rptr. 13, 426 P.2d 173] and other insurance bad faith cases and *Windeler* v. *Scheers Jewelers* (1970) 8 Cal.App.3d 844 [88 Cal.Rptr. 39].) Plaintiff would expand this principle into an unqualified generalization that damages for emotional distress are recoverable whenever they ensue from acts for which an independent cause of action provides relief. The generalization is too sweeping.

The fact that emotional distress damages may be awarded in some circumstances (See Rest.2d Torts, § 905, pp. 456-457) does not mean they are available in every case in which there is an independent cause of action founded upon negligence. Otherwise, every trivial invasion of a legally protected interest would become an arbitrary trump. Where the cause of action for negligence is founded on the invasion of a legally protected interest other than emotional tranquillity, whether recovery should be had for damages for consequential emotional distress is open to inquiry. *Molien, supra,* 27 Cal.3d 916 relies, inter alia, upon *Crisci* v. *Security Ins. Co., supra,* for its statement that damages for emotional distress may be founded upon an established tort. (27 Cal.3d at p. 927.) *Crisci* sets out the broadest form of the rule "that mental suffering constitutes an aggravation of damages when it naturally ensues from the act complained of, and in this connection mental suffering includes nervousness, grief, anxiety, worry, shock, humiliation and indignity as well as physical pain." (66 Cal.2d at p. 433.) This phrasing has

a long pedigree. (See *Sloane* v. *Southern Cal. Ry. Co.* (1896) 111 Cal. 668, 680 [44 P. 320]; *Deevy* v. *Tassi* (1942) 21 Cal.2d 109, 120 [130 P.2d 389]; *State Rubbish etc. Assn.* v. *Siliznoff* (1952) 38 Cal.2d 330, 338 [240 P.2d 282]; *Capelouto* v. *Kaiser Foundation Hospitals* (1972) 7 Cal.3d 889, 892 [103 Cal.Rptr. 856, 500 P.2d 880].) The rule manifestly does not extend to all cases of established torts. Where the interest invaded does not naturally entail significant emotional distress, and where precedent has not established the availability of damages for consequential emotional distress, the matter must be resolved as a question of policy.

■ A cause of action in tort is founded upon the invasion of a legally protected interest. (See Rest.2d Torts, § 1, com. d, p. 3.) The imposition of a duty "is merely a means whereby the interest protected by the duty can be made secure." (See Rest.2d Torts, § 4, com. c, p. 9.) " '[L]egal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular type, liability should be imposed for damage done.' [Citation.]" (*Christensen* v. *Superior Court* (1991) 54 Cal.3d 868, 885 [2 Cal.Rptr.2d 79, 820 P.2d 181].) It is often difficult to extrapolate from existing precedents when such a duty exists. It may turn on considerations which are not fully articulated in the precedents. As with other legal doctrines, case law " 'gives the impression of greater [doctrinal] unity than really exists.' [Citation.]" (*Blain* v. *The Doctor's Co.* (1990) 222 Cal.App.3d 1048, 1059 [272 Cal.Rptr. 250].) Nowhere is the application of duty principles more heterodox than in the assemblage of cases pertaining to recovery for emotional distress. The effort to force disparate cases with a loose family resemblance into a tight, coherent, conceptual scheme has bedeviled this area of decisional law.

■ Damages for emotional distress have been permitted only where there is some means for assuring the validity of the claim. (*Molien, supra,* 27 Cal.3d at pp. 926-927.) The case law reveals a diversity of circumstances in which recovery for emotional distress may be had. They are loosely linked in the sense that in each it could be said that a particular form of mental suffering naturally ensued from the acts constituting the invasion of another kind of protected interest. "The commonest example . . . is probably where the plaintiff suffers personal injuries in addition to mental distress as a result of negligent or intentional misconduct by the defendant." (*Crisci, supra,* 66 Cal.2d at p. 433.) Pain and suffering is the natural concomitant of a personal injury. (*Capelouto* v. *Kaiser Foundation Hospitals, supra,* 7 Cal.3d 889 [infant's pain and suffering incident to contagious illness].) "[I]n the case of many torts, such as assault, battery, false imprisonment, and defamation, mental suffering will frequently constitute the principal element of damages." (*State Rubbish etc. Assn.* v. *Siliznoff, supra,* 38 Cal.2d at p. 338; see also

*Deevy* v. *Tassi, supra,* 21 Cal.2d 109 [assault and battery].) *Molien, supra,* 27 Cal.3d 916, found sufficient assurance of the validity of a claim of emotional distress in the nature of the cause of action for negligent misdiagnosis, predicated as it was upon a false imputation of syphilis, which by statute constitutes slander per se, an intentional tort. (*Id.,* at pp. 930-931.) In torts involving extreme and outrageous intentional invasions of mental and emotional tranquillity, the outrageous conduct affords the necessary assurance of the validity of the claim. (*Id.,* at p. 927.) Recovery also has been sanctioned for emotional distress which could be said naturally to ensue from an act which invaded an interest protected by an established tort. (See, *Sloane* v. *Southern Cal. Ry. Co., supra,* 111 Cal. 668 [humiliation from wrongful ejection from train]; *State Rubbish etc. Assoc.* v. *Siliznoff, supra,* 38 Cal.2d 330 [intentional infliction of emotional distress]; *Crisci* v. *Security Ins. Co., supra,* 66 Cal.2d 425 [physical injuries and psychosis resulting from fall through opening]; see also *Acadia, California, Ltd.* v. *Herbert* (1960) 54 Cal.2d 328, 337 [5 Cal.Rptr. 686, 353 P.2d 294] [mental suffering occasioned for fear for safety of family caused by trespass]; *Kornoff* v. *Kingsburg Cotton Oil Co.* (1955) 45 Cal.2d 265, 271 [288 P.2d 507] [discomfort and annoyance caused by nuisance]; *Herzog* v. *Grosso* (1953) 41 Cal.2d 219, 225 [259 P.2d 429] [annoyance ensuing from trespass].)

A close adherence to the precedents provides the only reliable ground upon which to sanction recovery for emotional distress. And precedent runs strongly against recovery in cases of legal malpractice. (See *Quezada, supra,* 67 Cal.3d 754; 1 Mallen & Smith, Legal Malpractice (3d ed. 1989) § 16.11, pp. 903-905 and cases cited therein; see generally Rest.2d Torts, § 552B, p. 140, damages for negligent misrepresentation in business or professional advice are compensation for pecuniary loss; but see *Betts* v. *Allstate Ins. Co.* (1984) 154 Cal.App.3d 688, 717-718 [201 Cal.Rptr. 528], upholding damages without analysis beyond a bare citation to *Molien, supra,* 27 Cal.3d 916.) The question remains whether these precedents should be abandoned.

Whether negligent conduct resulting in the invasion of another's interest should afford a cause of action presents a question of duty. At common law the recognition of a duty implicates a judgment predicated upon the balancing of policy considerations. (See, e.g., *Biakanja* v. *Irving* (1958) 49 Cal.2d 647, 651 [320 P.2d 16, 65 A.L.R.2d 1358]; *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 112-113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; *Christensen* v. *Superior Court, supra,* 54 Cal.3d at p. 891.) For example, there are torts sounding in negligence in which the principal element of damages is emotional distress, e.g., negligent misdiagnosis of a loathsome disease. (*Molien, supra,* 27 Cal.3d at 918-920.) The recognition of such a cause of action implicitly encompasses the judgment that a duty should extend to the protection of an interest in emotional tranquillity.

■ The duty to avoid negligence in the practice of law is imposed to protect a client from the legal consequences of a miscarriage of justice. The interest protected is typically economic, as in the loss of damages or the imposition of damages. Whether recovery of damages for emotional distress attributable to legal malpractice should be allowed must be considered in light of the primary interest protected by the duty to avoid malpractice. (See *Holliday, supra,* 215 Cal.App.3d at p. 119 [malpractice caused a criminal conviction and imprisonment].) Where the interest of the client is economic, serious emotional distress is not an inevitable consequence of the loss of money and, as noted, the precedents run strongly against recovery. For these reasons the issue is not resolved in plaintiff's favor simply because she has pleaded an otherwise actionable claim of legal malpractice.

The interest invaded by the negligent practice of the law which plaintiff alleges is her economic interest in recovering damages for the antecedent tort of sexual battery. Plaintiff asserts that full vindication of this primary invasion entitles her to damages for the severe emotional distress she alleges she suffered because of the loss of her expected damages. There is a useful check list of factors to be considered in *Biakanja, supra,* 49 Cal.2d 647: "the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." (*Id.,* at p. 650.) To this *Rowland* v. *Christian, supra,* 69 Cal.2d adds "the extent of burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Id.,* 69 Cal.2d at p. 113.) We use them in evaluating the question of duty in this case.

■ It is true that the "transaction," a contract for legal services, was intended to affect the plaintiff. However, the foreseeability of serious emotional harm to the client and the degree of certainty that the client suffered such injury by loss of an economic claim are tenuous. Litigation is an inherently uncertain vehicle for advancing one's economic interests. The expectation of a recovery is rarely so certain that a litigant would be justified in resting her peace of mind upon the assurance of victory. In the unusual case, where recovery is likely, emotional distress at the economic loss should not be severe, since the loss will presumably be easy to recoup from the blundering counsel. In our judgment a reasonable person, normally constituted, ought to be able to cope with the mental stress of loss of hoped for tort damages without serious mental distress. (Compare, *Molien, supra,* 27 Cal.3d at p. 928.) The complaint does not suggest, nor does plaintiff, that

defendants were informed of any unusual susceptibility on her part to emotional injury if the underlying action was unsuccessful. We imply no view on the effect of such foreknowledge; we merely note that it is not presented here.

The closeness of the connection between the defendants' conduct and the injury suffered is problematic. Litigation is almost always distressing for litigants. Learned Hand is reputed to have said that "as a litigant, I should dread a lawsuit beyond almost anything else short of sickness and of death." Plaintiff seeks damages for "extreme emotional distress" attributable to the underlying tort of sexual battery—damages she lost by defendants' malpractice—in addition to the emotional distress ensuing from defendants' alleged negligence. These compound claims of emotional distress undercut assurance that the symptoms of emotional distress can be causally attributed to the latter rather than the former misconduct.

The moral blame attached to defendants' conduct is only that which attends ordinary negligence. There is no suggestion of bad faith or reckless indifference to the plaintiff's interest in emotional tranquillity. The policy of preventing future harm is served by the sanction of compensation for the economic loss occasioned by the malpractice. The burden to the defendant of avoiding malpractice is of no moment since that burden has already been imposed. The principal consequences to the community of imposing an incremental liability for these damages are the additional costs of doing business as a lawyer and the benefits of socialization of the risk of emotional injury. We have no concrete information on the availability, cost, and prevalence of insurance for the risk of such recovery. It does seem likely that such insurance is available, but the incremental costs attributable to departure from the rule in *Quezada* are not disclosed on this record.

In view of these considerations we conclude that recovery may not be had for emotional distress attributable to the legal malpractice alleged in this case. The trial court did not err in concluding that damages should not be permitted for the alleged emotional distress attributed to defendants' negligent loss of plaintiff's opportunity to recover in her action against Brown.

### III

■ However, we do not agree with respondent court's conclusion plaintiff may not recover as compensatory damages the punitive damages she would have obtained in the underlying action against Brown but for defendants' malpractice.

"Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in

money, which is called damages." (Civ. Code, § 3281.) "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." (Civ. Code, § 3333.) "Detriment is a loss or harm suffered in person or property." (Civ. Code, § 3282.)

"Few cases have considered what constitutes the proper measure of damages in a legal malpractice action. The general rule is that a plaintiff is entitled only to be made whole: i.e., when the attorney's negligence lies in his failure to press a meritorious claim, the measure of damages is the value of the claim lost. (*Lally* v. *Kuster* (1918) *supra*, 177 Cal. 783, 791.) Or, as stated by Justice Peters in *Pete* v. *Henderson* (1954) 124 Cal.App.2d 487, 489 [269 P.2d 78], an attorney's 'liability, as in other negligence cases, is for all damages directly and proximately caused by his negligence.' " (*Smith* v. *Lewis* (1975) 13 Cal.3d 349, 361 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231].)

In *Granquist* v. *Sandberg* (1990) 219 Cal.App.3d 181, 187 [268 Cal.Rptr. 109], we referred to the discussion in *Smith* v. *Lewis, supra,* 13 Cal.3d 349, and explained, "As noted by two leading commentators in the legal malpractice field: 'If the injury occurred because of negligence in handling litigation, the measure of direct damage is the difference between the amount of the actual judgment obtained and the judgment which should have been recovered.' (Mallen and Smith, Legal Malpractice (3d ed. 1989) § 16.1, p. 890.)" We noted in a footnote the judgment in the underlying action could have included damages for pain and suffering, which are an appropriate item of damages in the legal malpractice action. (*Granquist* v. *Sandberg, supra,* 219 Cal.App.3d at p. 187, fn. 6.)

Applying this general rule, plaintiff should be entitled to recover from defendants as compensatory damages the amount of punitive damages she proves she would have obtained from Brown in the underlying action. This amount is a portion of the difference between the amount of the actual recovery—nothing—and the amount which would have been recovered but for defendants' negligence.

The recovery as compensatory damages in the malpractice action of the amount of unrecovered punitive damages is no more speculative than would be the direct recovery of punitive damages in the underlying action against Brown. In the malpractice action plaintiff must still prove her "case within the case," i.e., her entitlement to punitive damages against Brown. That is, to recover punitive damages as compensatory damages from defendants herein,

plaintiff must prove Brown's conduct was oppressive, fraudulent or malicious. (Civ. Code, § 3294, subd. (a).)

We are aware of no California decision on the issue whether punitive damages lost in the failed underlying action may be recovered as compensatory damages in the malpractice case. The leading commentators assert that they may: "An attorney may be liable for exemplary or punitive damages which were lost because of his negligence. If in the underlying action the client should have recovered exemplary damages but for the attorney's wrongful conduct, then such a loss should be recoverable in the malpractice action as direct damages. Whether such damages should have been recovered is an issue of fact to be resolved by the judge or jury at trial." (1 Mallen & Smith, Legal Malpractice, *supra*, § 16.7, p. 901; fns. omitted.)

Decisional law from other states is to the same effect. In *Elliott* v. *Videan* (1989) 164 Ariz. 113 [791 P. 2d 639], the trial court granted judgment notwithstanding the verdict, setting aside an $800,000 jury verdict against the defendant attorney which consisted of the value of punitive damages in the underlying case lost through the attorney's negligence. (*Id.* at pp. 640-641.) The appellate court reversed, rejecting the attorney's contention he could not be held liable for punitive damages which are intended solely to punish and deter future wrongful conduct. The court explained, "[The attorney] misperceives the nature of a malpractice action. The jury award of punitive damages is not a finding that [the attorney's] conduct was motivated by an evil mind; it is a finding that [the underlying defendant's] conduct was. Although [the attorney's] conduct was only negligent, it nevertheless caused [plaintiff] to lose his entire underlying claim." (*Id.* at p. 645.)

In *Hunt* v. *Dresie* (1987) 241 Kan. 647 [740 P. 2d 1046], the Kansas Supreme Court held the proper measure of damages in an attorney malpractice case includes the amount of any punitive damages assessed against the client as the result of the attorney's malpractice. The court quoted the decision of the Kansas Court of Appeals, explaining that although the damages the client had to pay were punitive damages, in the client's legal malpractice action, " '. . . all the damages are simply those which proximately resulted from his attorneys' negligence; they are no longer properly called punitive damages. If they were called punitive damages and the trial court's decision properly denied their recovery, then any attorney representing a client who might be assessed punitive damages in a lawsuit could rest easy, secure in the knowledge that any improper handling of the suit, even intentional actions, could not subject the attorney to any malpractice liability at all.' " (*Id.* at p. 1057.)

The oldest known case considering this issue is *Patterson & Wallace* v. *Frazer* (Tex.Civ.App. 1906) 93 S.W. 146, reversed on other grounds, 100 Tex. 103 [94 S.W. 324]. There, a verdict was returned against the defendant attorneys based on their negligent representation of the plaintiff in an underlying slander action; a portion of the verdict consisted of an amount which, but for the attorneys' negligence, would have been recovered as punitive damages in the underlying action. (*Id.* at pp. 147-148.) In affirming the judgment, the court rejected the attorneys' contention punitive damages are too remote. "That the cases in which damages have been recovered against attorneys for negligently failing to prosecute suits of their clients are generally where the cause of action was a liquidated demand does not limit the right of the client's recovery of damages on account of the attorney's negligence to such cases. The law cannot, when holding all others liable for damages proximately caused by their negligence (though difficult of ascertainment), justly exempt attorneys from the operation of the rule by which it measures the damages consequent on the wrongs of others." (*Id.* at p. 148.)

Defendants contend the *Patterson* decision is distinguishable because Texas public policy regarding punitive damages is different from that of California in that Texas permits an insurance company to bear the burden of punitive damages awarded against its insured, while California does not, and a Texas plaintiff has to satisfy a lesser standard to recover an award of punitive damages. Defendants argue that whatever the purpose of punitive damages in Texas, their purpose in California is to punish and deter, and that purpose is not served by making attorneys liable for the oppressive, fraudulent or malicious conduct of others.

Defendants miss the point. Plaintiff does not seek punitive damages against defendants. Rather, she seeks the value of the recovery she lost through defendants' negligence. That value includes punitive damages she would have recovered against Brown. In the malpractice action, such damages are compensatory, not punitive.

Defendants cite numerous cases for the proposition that California decisional law prohibits an award of punitive damages as compensatory damages against anyone other than the evil wrongdoer. (*City of Salinas* v. *Souza & McCue Construction Co.* (1967) 66 Cal.2d 217, 228 [57 Cal.Rptr. 337, 424 P.2d 921] [punitive damages may not be imposed against a governmental agency]; *Evans* v. *Gibson* (1934) 220 Cal. 476, 489 [31 P.2d 389] [neither estate nor executors liable for decedent tortfeasor's punitive damages]; *California State Auto. Assn. Inter-Ins. Bureau* v. *Carter* (1985) 164 Cal.App.3d 257, 261-262 [210 Cal.Rptr. 140, 54 A.L.R.4th 1177] [insurer not liable under uninsured motorist provisions of policy for punitive damages based on conduct of uninsured motorist]; *City Products Corp.* v. *Globe*

*Indemnity Co.* (1979) 88 Cal.App.3d 31, 35 [151 Cal.Rptr. 494] [insurer not liable for punitive damages awarded against insured based on insured's conduct]; *Merlo* v. *Standard Life & Acc. Ins. Co.* (1976) 59 Cal.App.3d 5, 18 [130 Cal.Rptr. 416] [employer liable for employee's conduct resulting in punitive damages only if employer ratifies or authorizes the conduct, employee is a manager, or employer recklessly employs an unfit employee]; *Ebaugh* v. *Rabkin* (1972) 22 Cal.App.3d 891, 896 [99 Cal.Rptr. 706] [same].) These cases are distinguishable because in none of them did the defendants from whom punitive damages were sought do anything proximately to cause the plaintiff to lose a claim for punitive damages against a third party wrongdoer.

After plaintiff filed this petition for extraordinary relief, we notified the parties the court was considering issuing a peremptory writ of mandate in the first instance and invited further opposition to the petition which defendants timely filed. Having complied with the procedural requirements set forth in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a peremptory writ in the first instance.

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order granting defendants' motion for summary adjudication to the extent it determines that plaintiff is not entitled to recover, as compensatory damages, the damages she would have recovered as punitive damages in the failed underlying action against her former employer, and to enter a new order denying the same. In all other respects the petition is denied. The parties will bear their own costs.

Blease, J., and Nicholson, J., concurred.

A petition for a rehearing was denied February 25, 1992.