[No. G012410. Fourth Dist., Div. Three. Oct. 29, 1992.]

JOHN H. SMITH III et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
KRISTY BUCHER, Real Party in Interest.

## Counsel

Cotkin & Collins, William D. Naeve, Philip S. Gutierrez, Jeffrey L. Garland and Amy E. Abdo for Petitioners.

No appearance for Respondent.

Lopez & Hodes and Michael E. Raabe for Real Party in Interest.

## Opinion

**MOORE, J.**—Petitioners John H. Smith III, an attorney, and the law firm of Carpello, Wishart, Hall & Smith have petitioned for a writ of mandate to set aside a superior court order denying part of their motion to strike portions of a complaint. We granted a stay of the trial in this matter and issued an alternative writ to consider whether real party in interest (plaintiff) Kristy Bucher's first amended complaint for legal malpractice sufficiently alleges facts permitting recovery of emotional distress and punitive damages.

### Facts

Plaintiff filed an action against petitioners in the superior court seeking damages for professional negligence. Her first amended complaint contains one cause of action entitled "Negligence—Legal Malpractice." It alleges: plaintiff retained petitioners to "represent[] her, the interests of her property, and her other rights and interests" in a marital dissolution action. Petitioners "failed to exercise reasonable care, skill and diligence in undertaking to perform such legal services." Consequently, plaintiff lost the "fair, reasonable and rightful interest in the community property and assets owing her from her marriage to her former spouse . . . ; payment . . . of excessive,

unnecessary and unwarranted attorney's fees and court costs; loss of interest in banking accounts, businesses, and such other assets to which she was rightfully entitled by way of her legal rights and causes of action involved in the . . . underlying marriage dissolution action . . . ."

Paragraph 11 of the amended complaint states: "As a further direct and proximate result of the representations and course of conduct of the defendants . . . plaintiff was caused to suffer and continues to suffer severe emotional and mental distress . . . ." In paragraph 14, plaintiff declares: "[D]efendants . . . misrepresented and fraudulently concealed the true nature of the representation being afforded by . . . defendants and that plaintiff's legal interests and rights were being protected, when in fact, they were not. The defendants' conduct . . . was intentional, knowing, malicious, fraudulent, false and deceitful. Said acts and omissions were undertaken with a conscious and knowing disregard of the interests and rights of plaintiff and to benefit the defendants . . . financially, and were part and parcel of a scheme and plan to defraud plaintiff. Defendants' conduct . . . was thus such as to constitute oppression, fraud or malice . . . ." The pleading seeks general and special damages including damages for emotional distress, loss of income, attorney fees and punitive damages.

Petitioners moved to strike the allegations seeking recovery for: (1) excessive litigation expenses paid to petitioners; (2) emotional distress; (3) loss of income; (4) punitive damages; and (5) attorney fees and costs. The superior court struck the portion of the first amended complaint seeking recovery of attorney fees. However, the court denied the petitioners' request to strike the remaining damage allegations.

Discussion

### I. *Adequacy of Legal Remedy*

Before reaching the merits, we consider plaintiff's claim petitioners have an adequate remedy by appeal. Petitioners contend they will be irreparably harmed by the additional discovery and trial preparation required if the mental suffering and punitive damage allegations remain in the amended complaint. Furthermore, petitioners argue the question of whether a plaintiff may recover emotional distress damages in a negligence action where he or she has suffered only economic injury is a question of widespread public importance.

A writ of mandate may be issued "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. . . ." (Code Civ. Proc.,

§ 1086.) Initially, we note that by issuing an alternative writ, we determined there was no adequate legal remedy in this case. (*Robbins* v. *Superior Court* (1985) 38 Cal.3d 199, 205 [211 Cal.Rptr. 398, 695 P.2d 695]; 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 105, p. 743.)

■ Nonetheless, cases have found the delay and expense of a trial make the remedy of appeal inadequate. (*Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 370 [217 P.2d 951]; *Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 128 [142 Cal.Rptr. 325].) Also, where a case involves one or more issues of significant legal importance a court may find an extraordinary writ to be appropriate. (*Simon* v. *Superior Court* (1992) 4 Cal.App.4th 63, 68 [5 Cal.Rptr.2d 428]; *Hogya* v. *Superior Court, supra,* 75 Cal.App.3d at pp. 129-130.)

■ The present case contains both elements. If forced to proceed to trial on the amended complaint as it stands, petitioners will be required to conduct further discovery on plaintiff's emotional distress claim, and trial will be extended by the introduction of evidence on that issue. Trial could also be lengthened by holding a bifurcated proceeding on plaintiff's punitive damage claim, with petitioners obligated to produce evidence concerning their financial condition. In addition, the ability of a party to recover emotional distress damages in negligence actions involving only economic injury is an issue of great public importance and requires immediate resolution. Thus, we conclude extraordinary relief is appropriate in this case.

## II. *Damages for Emotional Distress*

Under Civil Code section 3333, "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." Nonetheless, "It is a fundamental principle of the law of damages . . . that the compensation received shall be commensurate with the injury, and no more. [Citations.]" (*Basin Oil Co.* v. *Baash-Ross Tool Co.* (1954) 125 Cal.App.2d 578, 605 [271 P.2d 122].)

In *Quezada* v. *Hart* (1977) 67 Cal.App.3d 754 [136 Cal.Rptr. 815], attorneys sued for causing the dismissal of plaintiff's quiet title action by failing to bring it to trial within five years were held not subject to emotional distress damages. "California courts have limited emotional suffering damages to cases involving either physical impact and injury to plaintiff or intentional wrongdoing by defendant. . . ." (*Id.* at p. 761.) Subsequent decisions have undermined this rule. Damages for mental suffering may now

be recovered in the absence of either physical injury or impact. (*Burgess* v. *Superior Court* (1992) 2 Cal.4th 1064, 1074, 1077 [9 Cal.Rptr.2d 615, 831 P.2d 1197]; *Marlene F.* v. *Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 590 [257 Cal.Rptr. 98, 770 P.2d 278]; *Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 928-930 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518].)

Recently, the question of whether a plaintiff may recover for emotional distress in an action for legal malpractice was reconsidered in *Merenda* v. *Superior Court* (1992) 3 Cal.App.4th 1 [4 Cal.Rptr.2d 87]. There it was held "damages for emotional distress arising out of acts which invade an interest protected by established tort law are recoverable *only if the claimed emotional distress naturally ensues from the acts complained of. . . .*" (*Id.* at p. 6, italics added. See also *Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425, 433 [53 Cal.Rptr. 13, 426 P.2d 173].)

*Merenda* reasoned that to protect against emotional distress damages being recoverable for "every trivial invasion of a legally protected interest" (3 Cal.App.4th at p. 7), courts should closely adhere to case law precedents and a consideration of policy factors. (*Id.* at pp. 8-10.) It noted the primary interest protected in legal malpractice actions is economic and "serious emotional distress is not an inevitable consequence of the loss of money . . . ." (*Id.* at p. 10.)

Applying the factors listed in *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561], and *Biakanja* v. *Irving* (1958) 49 Cal.2d 647, 650 [320 P.2d 16, 65 A.L.R.2d 1358], *Merenda* held the plaintiff in that action could not recover damages for emotional distress: "It is true that the 'transaction,' a contract for legal services, was intended to affect the plaintiff. However, the foreseeability of serious emotional harm to the client and the degree of certainty that the client suffered such injury by loss of an economic claim are tenuous. Litigation is an inherently uncertain vehicle for advancing one's economic interests. . . . The complaint does not suggest, nor does plaintiff, that defendants were informed of any unusual susceptibility on her part to emotional injury if the underlying action was unsuccessful. . . . [¶] The closeness of the connection between the defendants' conduct and the injury suffered is problematic. Litigation is almost always distressing for litigants. . . . [¶] The moral blame attached to defendants' conduct is only that which attends ordinary negligence. . . . The policy of preventing future harm is served by the sanction of compensation for the economic loss occasioned by the malpractice. The burden to the defendant of avoiding malpractice is of no moment since that burden has already been imposed. The principal consequences to the community of imposing an

incremental liability for these damages are the additional costs of doing business as a lawyer and the benefits of socialization of the risk of emotional injury. We have no concrete information on the availability, cost, and prevalence of insurance for the risk of such recovery. It does seem likely that such insurance is available, but the incremental costs attributable to departure from the rule in *Quezada* are not disclosed on this record. [¶] In view of these considerations we conclude that recovery may not be had for emotional distress attributable to the legal malpractice alleged in this case. . . ." (3 Cal.App.4th at pp. 10-11.)

■ This case presents a similar situation. Petitioners' purported negligence clearly affected plaintiff. But the conclusory allegations of the amended complaint reflect no basis for concluding it was reasonably foreseeable their handling of the dissolution would result in emotional injury to plaintiff, separate and apart from that which every family law litigant suffers. As *Merenda* noted, the closeness between plaintiff's alleged emotional injury and petitioners' conduct is problematic since all litigation creates a certain amount of anguish. (3 Cal.App.4th at p. 11.) That is particularly true in family law matters. (Hogoboom & King, Cal. Practice Guide: Family Law I (The Rutter Group 1992).)

Also as in *Merenda*, "[t]he moral blame attached to [petitioners'] conduct is only that which attends ordinary negligence." (3 Cal.App.4th at p. 11.) Plaintiff relies heavily on paragraph 14's allegations which assert petitioners engaged in fraudulent conduct. But the claim of affirmative wrongdoing is merely a conclusion unsupported by any factual allegations.

Again, as in *Merenda*, the petitioners' payment of compensation for any economic loss suffered by plaintiff will suffice to prevent future harm. We also note the potential exists for disciplinary punishment since an attorney must inform the State Bar when he or she is sued for negligent conduct committed in a professional capacity. (Bus. & Prof. Code, § 6086.8, subd. (b).) Concerning the factors of the burden imposed on petitioners, the consequences to the public and the availability of affordable insurance to cover emotional distress injury under these circumstances, this case is also no different than *Merenda*.

Citing *Branch* v. *Homefed Bank* (1992) 6 Cal.App.4th 793 [8 Cal.Rptr.2d 182], plaintiff contends she is entitled to seek recovery for mental suffering because petitioners' negligence breached their fiduciary duty to her that arises from the parties' attorney-client relationship. *Branch* involved a plaintiff's damage action against his former employer for negligent misrepresentations that induced him to leave a prior job and go to work for defendant. In

reversing a emotional distress award because defendant's conduct was merely negligent and did not involve physical impact or injury, the court stated: "Recovery of emotional distress damage has been allowed, absent impact or physical injury, in certain specialized classes of cases. . . . Recovery has . . . been allowed when the negligence arises in a situation involving breach of fiduciary or quasi-fiduciary duties, as in bad faith refusal to pay insurance proceeds. [Citations.] . . . ." (*Id.* at p. 800.)

Each of the cases cited by *Branch* for this statement (*Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566 [108 Cal.Rptr. 480, 510 P.2d 1032]; *Crisci* v. *Security Ins. Co., supra,* 66 Cal.2d 425; *Jarchow* v. *Transamerica Title Ins. Co.* (1975) 48 Cal.App.3d 917 [122 Cal.Rptr. 470]) involved elements of bad faith or intentional misconduct. (See *Cooper* v. *Superior Court* (1984) 153 Cal.App.3d 1008, 1012-1013 [200 Cal.Rptr. 746]; *Quezada* v. *Hart, supra,* 67 Cal.App.3d at pp. 761-762; *Fuentes* v. *Perez* (1977) 66 Cal.App.3d 163, 171-172 [136 Cal.Rptr. 275].) Furthermore, this part of *Branch* is dicta. To the extent that case is relevant here, it supports our conclusion; mere negligence will not support a recovery for mental suffering where the defendant's tortious conduct has resulted in only economic injury to the plaintiff.[1]

Finally, plaintiff argues the rule we adopt creates a special immunity for attorneys, protecting them from liability for mental suffering. Not so. The same principle applies in cases not involving legal malpractice. (See *Devin* v. *United Services Auto. Assn.* (1992) 6 Cal.App.4th 1149, 1162 [8 Cal.Rptr.2d 263]; *Branch* v. *Homefed Bank, supra,* 6 Cal.App.4th at p. 798.) Also, where a plaintiff sufficiently alleges intentional or affirmative misconduct by an attorney or noneconomic injury resulting from an attorney's professional negligence, recovery of emotional distress damages is permitted. (*McDaniel* v. *Gile* (1991) 230 Cal.App.3d 363, 373-375 [281 Cal.Rptr. 242]; *Burger* v. *Pond* (1990) 224 Cal.App.3d 597, 600, fn. 2 [273 Cal.Rptr. 709]; *Holliday* v. *Jones* (1989) 215 Cal.App.3d 102, 112-119 [264 Cal.Rptr. 448]; *Betts* v. *Allstate Ins. Co.* (1984) 154 Cal.App.3d 688, 717-718 [201 Cal.Rptr. 528]; Annot., Measure and Elements of Damages Recoverable for Attorney's Negligence in Preparing or Conducting Litigation—Twentieth Century Cases (1991) 90 A.L.R.4th 1033, 1040, 1060-1062, 1084-1086.) Plaintiff's first amended complaint does not satisfy these requirements.

---

[1] *Cooper* v. *Superior Court, supra,* 153 Cal.App.3d 1008 upheld a trial court's refusal to allow recovery of emotional distress damages when an excavation company's negligently parked tractor rolled into plaintiff's residence while she was not home. The Court of Appeal noted, "No California case has allowed recovery for emotional distress arising solely out of property damage, absent a threshold showing of some preexisting relationship or intentional tort." (*Id.* at p. 1012.) To the extent *Cooper* stands for the proposition the mere existence of a preexisting relationship suffices to support recovery for mental suffering where another's negligent conduct results in only economic injury, we disagree and decline to follow it.

Thus, we conclude plaintiff's first amended complaint does not support recovery of damages for emotional distress.

### III. *Punitive Damages*

Civil Code section 3294, subdivision (a) provides: "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Subdivision (c) of the statute contains the following definitions: "(1) 'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others. [¶] (2) 'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights. [¶] (3) 'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

In *G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22 [122 Cal.Rptr. 218], the Court of Appeal issued a peremptory writ directing the superior court to sustain a demurrer in part because of the conclusory allegations relating to punitive damages. "Notwithstanding relaxed pleading criteria, certain tortious injuries demand firm allegations. . . . When the plaintiff alleges an intentional wrong, a prayer for exemplary damage may be supported by pleading that the wrong was committed willfully or with a design to injure. [Citation.] When nondeliberate injury is charged, allegations that the defendant's conduct was wrongful, willful, wanton, reckless or unlawful do not support a claim for exemplary damages; such allegations do not charge malice. [Citations.] When a defendant must produce evidence in defense of an exemplary damage claim; fairness demands that he receive adequate notice of the kind of conduct charged against him." (*Id.* at p. 29.)

Also, in *Brousseau* v. *Jarrett, supra,* 73 Cal.App.3d 864, the plaintiff's complaint stated two causes of action. The first count sufficiently alleged actionable negligence, but the amount of damages claimed fell below the superior court's jurisdiction. The second count incorporated the allegations of the first count, plus other factual allegations, described defendant as acting intentionally, willfully, fraudulently, and with a wanton, reckless disregard for the possible injury to plaintiff and sought recovery of punitive damages exceeding the jurisdictional limit. The Court of Appeal found the

second cause of action defective stating, "the second count's conclusory characterization of defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement of 'oppression, fraud, or malice, . . .' within the meaning of section 3294. [Citations.]" (*Id.* at p. 872.)

■ Here, a similar situation is presented. Plaintiff's amended complaint alleges petitioners failed to adequately represent her and her property interests in the dissolution proceeding thereby resulting in economic injury. The sole basis for seeking punitive damages are the conclusory allegations of paragraph 14. As noted above, that paragraph is devoid of any factual assertions supporting a conclusion petitioners acted with oppression, fraud or malice.

Plaintiff's reliance on *Monge* v. *Superior Court* (1986) 176 Cal.App.3d 503 [222 Cal.Rptr. 64], is without merit. There, plaintiffs sued their former employer for sex discrimination, intentional infliction of emotional distress and wrongful termination. In part, they alleged their supervisors had conspired to make a lewd message appear on a computer terminal's video screen while one plaintiff was using it. When both plaintiffs complained, the supervisors refused to investigate the incident and retaliated by creating a hostile work environment. Thus, sufficient facts were alleged to support the request for punitive damages.

## Disposition

The alternative writ is discharged. Let a peremptory writ issue directing the superior court to vacate its order on petitioners' motion to strike and enter a new and different order striking plaintiff's allegations and prayer for emotional distress damages, loss of income and punitive damages.[2]

Sills, P. J., and Wallin, J., concurred.

---

[2]Nothing in this opinion shall preclude the superior court from granting plaintiff leave to amend the first amended complaint if, in the court's discretion, it concludes that relief would be appropriate under the circumstances.