**PIONEER NATIONAL TITLE INSURANCE COMPANY, Etc., Plaintiff-Appellee,**

v.

**Angus G. ANDREWS, et al., Defendants-Appellants,**

**American Home Assurance Company, Defendant-Appellant, Cross Appellee,**

**Gulf Insurance Company, Defendant-Appellant, Cross Appellant.**

No. 80–5179.

United States Court of Appeals, Fifth Circuit. Unit B

Aug. 3, 1981.

Beggs & Lane, Robert P. Gaines, Pensacola, Fla., for Andrews and American Home.

Robert D. Bell, Charles A. Schuster, Pensacola, Fla., for Gulf Ins. Co.

Theodore C. Taub, Tampa, Fla., for Pioneer.

Before GEWIN *, RONEY, and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

In this diversity case, we must determine when a cause of action arises within the meaning of section 95.11(4)(a) of the Florida Statutes so as to start the running of the limitations period which applies to a professional malpractice suit against an attorney. We agree with the conclusions of the district court (a) that the limitations period begins upon the discovery of a cause of action for professional malpractice, or at the time when such a cause of action should reasonably have been discovered; (b) that a cause of action arises only after a party suffers legally cognizable damages; and (c) that damages were suffered in this case only after the plaintiff in this action incurred the expense of defending itself in a prior, related action. Since we also agree with the conclusions of the district court with regard to three subsidiary issues, we affirm its decision.

* This case is being decided by a quorum due to the death of Judge Gewin on May 15, 1981. 28 U.S.C. § 46(d).

## BACKGROUND

The appellee in this case is Pioneer National Title Insurance Co. (Pioneer). The appellants are Angus G. Andrews, a Florida attorney; his partner, George Ralph Miller; their partnership, Andrews and Miller; and their malpractice insurers, American Home Assurance Co. (American) and Gulf Insurance Co. (Gulf). American and Gulf have also cross-appealed on issues relating to the allocation of insurance liability.

Pioneer hired Andrews to search the title of a tract of land in Florida. Over the course of several months, Andrews prepared three letters of certification purporting to describe the state of the title in the land at the time each of the certificates was prepared. When Andrews prepared the first two certificates, he and Miller, and their partnership, were insured for legal malpractice by American. At the time Andrews prepared the last certificate, he and Miller had changed their malpractice insurer to Gulf.

Pioneer issued a title insurance policy to a financial institution on the basis of Andrews's title research. This institution successfully sued Pioneer under the policy because of erroneous title assurances. Pioneer then brought this action against appellants in the United States District Court for the Northern District of Florida claiming damages suffered because of Andrews's negligent title work.

Appellants moved the district court to dismiss Pioneer's suit as time-barred under Florida's two-year statute of limitations for malpractice suits against an attorney. Fla. Stat. § 95.11(4). Appellants contended that Pioneer discovered Andrews's defective title work more than two years before bringing this action. Appellants also contended that Pioneer knew at the time of this discovery that Andrews's negligence would ultimately result in Pioneer's liability to its insured.

The district court assumed that appellants were correct in describing the timing and nature of Pioneer's discovery of Andrews's negligence. The district court simply noted that Pioneer brought this action less than two years after its insured filed suit against Pioneer under the title insurance policy. It reasoned that although Pioneer may have discovered more than two years before bringing suit that it might ultimately be held liable because of Andrews's negligence, Pioneer suffered no legally cognizable damages until it was called upon to defend itself in the action brought under its insurance policies. The district court recognized that the statute of limitations began to run against Pioneer only upon its discovery of a "cause of action". Fla.Stat. § 95.11(4). The district court concluded that Pioneer had no cause of action against appellants until it incurred the expense of defending itself in the prior suit. That event occurred less than two years before Pioneer brought this suit. Appellants challenge the refusal to dismiss this action.

A jury rendered a special verdict finding negligence by Andrews in his preparation of the certificates of title. The jury also found that this negligence spanned the time in which Andrews was insured by American, followed by Gulf. The district court therefore allocated liability between the malpractice insurers.

In order to place all liability upon Gulf, American moved the district court for summary judgment on the ground that Pioneer relied only upon Andrews's final letter. Andrews prepared this letter while insured by Gulf. American contends that this letter was the basis for the title insurance policy on which Pioneer was successfully sued. The district court rejected this motion because it found that Pioneer properly relied upon all three of Andrews's letters and thus suffered loss as a proximate cause of each of the letters. American continues its argument on appeal.

Gulf likewise attempts to shift greater liability upon American by arguing that the district court improperly interpreted the word "claim" in the liability limitations section of Andrews's policy with American. That policy limited American's liability to $100,000 for each "claim." The district court concluded that Andrews has only one "claim" against American even though An-

drews prepared two of the three faulty certificates while he was insured by American. Gulf argues that the district court should have recognized each letter as the basis of a separate claim, thus increasing American's share of the total liability to $200,000.

Finally, the district court assessed against appellants the cost to Pioneer of proving the authenticity of a certification letter which Andrews initially refused to admit as genuine. After Pioneer spent a considerable amount of time and money preparing to prove the authenticity of the letter, Andrews admitted that he had prepared and signed the letter. Appellants ask us to find that in assessing costs of proof the district court abused the discretion conferred upon it by Federal Rule of Civil Procedure 37(c).

## DISCUSSION

Appellants primarily challenge the district court's interpretation of Florida's two-year statute of limitations for legal malpractice actions. Fla.Stat. § 95.11(4)(a). This statute states that a two-year "period of limitations shall run from the time *the cause of action* is discovered or should have been discovered with the exercise of due diligence." (Emphasis added.) A related statute specifies that "[a] cause of action accrues when the last element constituting the cause of action occurs." Fla.Stat. § 95.031(1).

■ Pioneer indisputably filed this malpractice action against Andrews within two years of the date on which it was sued on title insurance policies which it issued in reliance upon Andrews's negligent title research. Appellants miss the mark in arguing that Pioneer sued Andrews more than two years after it discovered both Andrews's negligence and the probability that it would ultimately suffer losses under the policies. The district court correctly ruled that the date on which Pioneer discovered its potential liability was irrelevant since Pioneer had suffered no damages at that time.

■ Florida law has long recognized that damages constitute an essential component of a cause of action. See 1 Fla.Jur.2d, *Actions* §§ 24, 26 (1977). In emphasizing the timing of Pioneer's discovery of its predicament, appellants overlook the fact that the Florida statute of limitations begins to run not upon the discovery of a potential cause of action, but only upon the discovery of an existing cause of action. Until Pioneer incurred some expense in defending itself against the suit brought under its insurance policies, it could not complain of legal damages. Until then, Pioneer had no cause of action to discover so as to trigger the running of the statute of limitations.

Appellants have not brought to the attention of this court any case which suggests that the Florida courts would hold that a cause of action arises prior to the incursion of damages, or that legal damages can be presumed even though they have not yet been suffered. Moreover, acceptance of appellants' argument would leave a title insurance company such as Pioneer in the untenable position of watching the two-year period of limitations run against a negligent attorney, while enduring three more years of possible liability to its insured. See Fla.Stat. § 95.11(2)(b) (five year statute of limitations for contract actions). Appellants have not suggested any reason why the Florida Legislature would have desired such a result, and we see no necessity of interpreting Florida's statute of limitations so as to permit it. In summary, we hold that since Pioneer brought suit within two years after incurring the expense of defending itself against its insurer the district court properly refused to bar this action under section 95.11(4)(a).

■ We likewise agree with the three subsidiary decisions of the district court which appellants challenge on appeal. First, the district court rejected the contention of American that only the last of three certificates of title prepared by Andrews, a certificate prepared while he was insured by Gulf, constituted the proximate cause of the damages suffered by Pioneer. The court concluded that Pioneer suffered damages because of its reliance upon all three

of Andrews's certificates. The court reasoned that Pioneer, by relying on Andrews's last letter of certification, necessarily and properly relied upon the two initial certificates of title since they formed the basis for the final certificate of title. On the record before us, we cannot say that the district court erred. The record indicates that Pioneer, as well as Andrews, relied upon the correctness of previously-prepared certificates when they were brought up to date on two later occasions.

■ The district court's conclusion that Andrews committed a single, continuing act of negligence likewise caused it to reject Gulf's attempt to increase the amount of the total loss paid by American. American insured Andrews when he prepared the first two certificates; Gulf insured Andrews when he prepared the final certificate. The American policy limited liability to "$100,000 [for] each claim." Gulf argues that each of the two certificates prepared by Andrews during the coverage of this policy resulted in a separate claim, and thus American should be held liable for $200,000, rather than the $100,000 determined by the district court.

The district court viewed Andrews's negligence as a single, continuing act since Andrews testified that he relied upon his initial certification when updating it for the second certification. The district court therefore viewed Pioneer's claim of negligence as a single claim and limited American's liability to $100,000. Again, we find no error in the district court's interpretation of the facts in this case, nor in its legal interpretation of the policy issued by American. Ample evidence in the record supports the conclusion of the district court that Andrews relied upon his initial title work and certificate when bringing this certificate up to date in the later certificates. Gulf has brought to our attention neither a controlling case, nor a compelling reason, which would indicate that the district court should have concluded that the intent of the signatories to the American insurance policy was to treat a claim arising from a single act of negligence as more than one claim.

■ Finally, we find no abuse of discretion in the decision of the district court to impose upon appellants the cost to Pioneer of proving the genuineness of a title certification letter which was ultimately admitted to have been written and signed by Andrews. *See* Fed.R.Civ.P. 37(c).** We affirm on the basis of our review of the record and our agreement with the attached portions of the decision of the district court. This decision demonstrates the utterly unjustified dilatoriness of appellants in refusing to admit the genuineness of an important document without any reasonable expectation of prevailing. We likewise reject the arguments advanced by both American and Gulf as last-resort attempts to shift the responsibility and liability for this dilatoriness upon the other insurer.

## CONCLUSION

We hold that Florida's statute of limitations for malpractice actions against an attorney, Fla.Stat. § 95.11(4)(a), creates no bar to this action since Pioneer brought this suit within two years after it suffered the legal damages which gave it the requisite "cause of action" against appellants. We find that the district court committed no error in concluding (a) that Pioneer relied upon Andrews's legal work throughout the period in which he prepared three certificates of title, and (b) that Andrews commit-

** Federal Rule of Civil Procedure 37(c) provides:

(c) *Expenses on Failure to Admit.* If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36 [Requests for Admission], and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

ted a single, continuing act of negligence when updating on two occasions the original, defective certificate of title. We therefore affirm the court's conclusions regarding the proximate cause of Pioneer's losses, as well as its interpretation of contract terms limiting the liability of one of Andrews's malpractice insurers. Finally, we find no abuse of discretion in the district court's imposition of costs of proof under Federal Rule of Civil Procedure 37(c).

AFFIRMED.

ATTACHMENT

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

PIONEER NATIONAL TITLE INSURANCE COMPANY, etc.,

Plaintiff,

vs.                                    PCA No. 76–116

ANGUS G. ANDREWS, et al.,

Defendants.

## MEMORANDUM DECISION

Before the court is plaintiff's motion for an award of reasonable expenses, including reasonable attorney's fees, for making proof as provided for in Rule 37, Federal Rules of Civil Procedure.

Plaintiff requested defendant Andrews to either admit or deny the genuineness of a title certification letter purportedly written by him dated May 9, 1974. Its genuineness, or lack thereof, was of substantial importance in the trial and resolution of this case.

In initial response, Mr. Andrews stated that he could neither admit nor deny the genuineness of the letter because he did not find in his files a copy of a letter of that date and had no recollection of having prepared, reviewed or signed a letter with the same contents.

On April 21, 1977, defendants moved for an extension of time to complete discovery, asserting that it was necessary to have an expert examine the May 9, 1974, letter to determine its genuineness. The motion was granted and the original letter, which was in plaintiff's possession, was deposited with the clerk of this court to facilitate defendants' expert examination.

A second request for admission was filed by plaintiff seeking response after and based upon Mr. Andrews' examination of the letter. In responses, Mr. Andrews admitted that the first page of the letter was typed on his firm's letterhead, that his secretary was Sue Ellen Foreman, and that the "AGA:sef" on the letter were used by the secretary to indicate his correspondence prepared by her. However, he adhered to the response that he was unable to admit or deny the genuineness of the letter.

In response to further interrogatories, Mr. Andrews admitted he never inspected the original letter placed in the clerk's custody.

Subsequently, defendants requested, and obtained, the continuance of the pre-trial conference to allow their expert to examine the letter. In later matter C. D. Brooks, an expert document examiner, was named as defendants' witness. Defendants continued to contest the genuineness of the letter. They responded to interrogatories stating that Mr. Brooks would be called as a expert witness at trial and would testify that the authenticity of the May 9, 1974, letter was doubtful.

But he did not testify at trial. At trial, Mr. Andrews finally, and for the first time, admitted the genuineness of his signature on the letter.

The letter on its first page referred to the policy here involved. At trial there was testimony by defendants that the closing terms of the letter were not in conformity with Mr. Andrews' customary practice and other matters were asserted as indicating the lack of genuineness of the letter. Yet, it bore his signature, finally and belatedly admitted, and it referred to the policy here involved.

The jury, returning a verdict for plaintiff, found against defendants on their assertions respecting the letter.

The court concludes that on the record here defendants, failing to admit the genuineness of the May 9, 1974, letter, had no reasonable ground to believe they might prevail on the matter nor was there other good reason for the failure to admit.

Plaintiff is entitled to an award of reasonable expenses incurred in making that proof, including reasonable attorney's fees.