MASSACHUSETTS ELECTRIC COMPANY & others[1] *vs.* FLETCHER, TILTON & WHIPPLE, P.C., & another.[2]

Middlesex. January 7, 1985. — March 13, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & O'CONNOR, JJ.

*Limitations, Statute of. Negligence,* Attorney.

A cause of action against attorneys claimed to have been negligent in their representation of three electric companies in a tort action accrued when the insurer who had paid a settlement in the tort action brought an action against the electric companies seeking reimbursement for the payment, and not on a later date when the electric companies settled the case with the insurer by payment of $250,000. [267-269]

CIVIL ACTION commenced in the Superior Court Department on July 1, 1983.

A motion to dismiss was heard by *Herbert Abrams,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert Glass* for the plaintiffs.

*D. Alice Olsen (Alan H. Robbins* with her) for the defendants.

WILKINS, J. On the ground that the plaintiffs' claim was barred by the statute of limitations, a judge of the Superior Court allowed the defendants' motion under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), to dismiss the complaint for malpractice. The plaintiffs appealed. We transferred the appeal here and now affirm the judgment.

---

[1] New England Power Company and New England Power Service Company. From time to time, we shall refer to the affiliated plaintiffs as simply the electric companies. Nothing in this case turns on which company or companies were involved at various times.

[2] The other defendant is currently a partner in the defendant law firm. The complaint alleges his direct involvement in the circumstances giving rise to the cause of action in this case. At the time of the alleged negligent act of the individual attorney he was an associate in a predecessor law firm that merged with the defendant law firm. For convenience, and because it is not important in this appeal, we shall refer to the individual attorney and the defendant law firm without regard to the merger.

This action was commenced on July 1, 1983. The parties agree that actions for malpractice against the defendant attor-' neys are governed by the statute of limitations set forth in G. L. c. 260, § 4, as appearing in St. 1981, c. 765. See *Cioffi* v. *Guenther*, 374 Mass. 1, 3 (1977). Section 4 provides that such an action "shall be commenced only within three years next after the cause of action accrues." The issue in this case is whether the plaintiffs' cause of action accrued more than three years prior to July 1, 1983.

The factual background begins in August, 1972, when one Clark, an employee of an independent contractor, was seriously injured while painting a transmission tower owned by one of the electric companies. In separate actions Clark and his wife sued two of the electric companies. Home Insurance Company (Home Insurance) was an excess insurer of the electric companies (above $100,000). The primary insurer selected the defendant law firm to defend the actions, and the individual defendant attorney became involved in the defense.

The Clarks' tort actions involved claims that the electric companies failed to warn the painting contractor and its employees of the risk and failed to provide proper supervision of the work. The electric companies relied on the defense that they provided proper supervision. In the course of preparation for last minute depositions, an employee of one of the companies and the individual defendant attorney found field notes of an internal investigation conducted by a company employee which contained a notation indicating that there had been no supervision of the painting operation. The attorney told the company employee, "That hurts." The employee tore up the notes and threw them into a waste basket. The attorney did not retrieve the notes. About one week later, the defendant attorney and the law firm concluded that the Canons of Ethics required disclosure to the Clarks' attorney of the information shown on the discarded field notes. That information was disclosed, as well as the fact of the destruction of the notes. Home Insurance, the excess insurer, learned of what had happened and notified the electric companies that it would reserve its rights as a result of the allegations of destruction of the field notes (and as the

result of alleged alteration of certain relevant documents, a matter in which the defendant attorneys did not participate).

In early 1977, the Clarks moved unsuccessfully for a default judgment. The judge ruled, however, that the fact of document destruction (and of the alleged tampering with evidence) would be admissible against the electric companies at the trial of the Clarks' tort actions. On February 8, 1977, the Clark case was settled for $725,000, of which Home Insurance paid $625,000 under a purported reservation of rights. The complaint in this case alleges that, because of the improper destruction of documents (and the alleged alteration of evidence), the electric companies were obliged to make a larger settlement than they would have otherwise. In January, 1980, Home Insurance brought an action against two of the electric companies seeking reimbursement of the $625,000 it paid in settlement of the Clark actions, alleging a breach of the cooperation clause in its insurance policy by the destruction of the field notes and by the altering of documents. The electric companies settled the Home Insurance action against them in 1981 by payment of $250,000.

As we have said, this action was commenced on July 1, 1983, well within three years of the settlement of the Home Insurance action but well after three years of its commencement. The defendant attorneys argue that the electric companies' cause of action against them accrued at least by the date Home Insurance commenced its action in January, 1980. Because the Legislature has not undertaken to provide an answer as to when a cause of action for legal malpractice accrues, it is a question for judicial determination. *Hendrickson* v. *Sears,* 365 Mass. 83, 88 (1974). See *Olsen* v. *Bell Tel. Laboratories, Inc.,* 388 Mass. 171, 174 (1983).

In some cases involving the issue of when a cause of action accrues, we have been concerned with the question whether a plaintiff knew or had reason to know of the existence of the cause of action. See *Olsen* v. *Bell Tel. Laboratories, Inc., supra* at 174-175; *White* v. *Peabody Constr. Co.,* 386 Mass. 121, 128-129 (1982); *Hendrickson* v. *Sears, supra* at 90-91. Here the electric companies knew immediately of the alleged

negligence of the defendant attorneys, but it was not then clear that the alleged negligence had caused or would cause the companies any appreciable harm. Our recent cases have indicated that a cause of action does not accrue until a plaintiff knows or reasonably should know that it has sustained appreciable harm as a result of a defendant's negligence. See *Joseph A. Fortin Constr., Inc.* v. *Massachusetts Hous. Fin. Agency,* 392 Mass. 440, 442 (1984); *Olsen* v. *Bell Tel. Laboratories, Inc., supra* at 176; *Dinsky* v. *Framingham,* 386 Mass. 801, 803 (1982); *Cannon* v. *Sears, Roebuck & Co.,* 374 Mass. 739, 741 (1978). See also *Budd* v. *Nixen,* 6 Cal. 3d 195, 203 (1971). The parties in this case are in substantial agreement that the electric companies must have sustained appreciable harm for their cause of action to accrue. They part company, however, on the question whether the plaintiff electric companies sustained appreciable harm when the Home Insurance action was commenced (as the defendant attorneys argue) or only when that action was settled (as the plaintiff electric companies argue).

We conclude that the electric companies sustained appreciable harm at least by the time the Home Insurance action was commenced. Whatever the ultimate result of that case would be, it was then clear that the electric companies would incur substantial legal expenses in the defense of a claim that was based in part on the alleged negligent conduct of their attorneys in the defense of the Clark actions. *Salin* v. *Shalgian,* 18 Mass. App. Ct. 467, 470 & n.8 (1984). See *Levin* v. *Berley,* 728 F.2d 551, 554-555 (1st Cir. 1984) (Massachusetts law); *Pioneer Nat'l Title Ins. Co.* v. *Andrews,* 652 F.2d 439, 442 (5th Cir. 1981); *Southland Mechanical Constructors Corp.* v. *Nixen,* 119 Cal. App. 3d 417, 433 (1981); *Dixon* v. *Shafton,* 649 S.W.2d 435, 438 (Mo. 1983). A conclusion that the electric companies' cause of action accrued only when the Home Insurance case was settled would be inconsistent with the general rule in negligence actions that a cause of action accrues when some harm has occurred even though the full extent and nature of that harm has not been and cannot be established immediately. See *Olsen* v. *Bell Tel. Laboratories, Inc.,* 388 Mass.

171, 175 (1983) ("If knowledge of the extent of injury were to control the accrual of a cause of action, the fixed time period of statutes of limitations effectively would be destroyed").[3]

We, of course, need not decide what the result would be if the Home Insurance action had been brought before the Clark litigation had been disposed of and while the defendant attorneys continued to represent the electric companies in the Clark actions. See *Levin* v. *Berley, supra* at 554; *Northwestern Nat'l Ins. Co.* v. *Osborne,* 573 F. Supp. 1045, 1050-1051 (E.D. Ky. 1983); *Bowman* v. *Abramson,* 545 F. Supp. 227, 231 (E.D. Pa. 1982); *Marchand* v. *Miazza,* 151 So. 2d 372, 375 (La. App. 1963); *United States Nat'l Bank* v. *Davies,* 274 Or. 663, 668, 670 (1976).

*Judgment affirmed.*

---

[3] Although we do not rest our decision on the point, we note that the complaint alleges that the electric companies' meritorious defenses in the Home Insurance action were chiefly with respect to asserted defects in Home Insurance's purported reservation of rights. Thus, the fact of the defendant attorneys' negligence appears not to have been an issue for the electric companies in their defense of the Home Insurance action.