Cameron K. **WEHRINGER**, Plaintiff,

v.

**POWERS & HALL, P.C.,** Defendant.

Civ. A. No. 90–11666–MLW.

United States District Court,
D. Massachusetts.

Jan. 5, 1995.

---

*MEMORANDUM AND ORDER*

WOLF, District Judge.

Plaintiff Cameron K. Wehringer, *pro se,* has brought this legal malpractice action, alleging that Powers & Hall was professionally negligent in representing Wehringer, as plaintiff, in *Wehringer v. Brannigan,* Essex Superior Court Docket No. 87–2558. Wehringer specifies a variety of allegedly negligent acts that purportedly constitute legal malpractice, including Powers & Hall's refusal to take further action in Wehringer's case until Wehringer paid past due legal fees. Defendant Powers & Hall has moved to dismiss Wehringer's complaint for failure to state a claim upon which relief can be granted. Wehringer has also filed a motion for partial summary judgment.

For the reasons explained in this memorandum, defendant's motion to dismiss the claim must be granted, and Wehringer's summary judgment motion must be denied, because on the present state of the record, Wehringer's legal malpractice claim is premature and to the extent it seeks to recover for emotional distress damages, it fails to state a claim upon which relief can be granted.

## I. Relevant Facts

Wehringer is a resident of New York, New York. Prior to November 20, 1987, Wehringer retained Powers & Hall, a Massachusetts law firm, to represent him, as plaintiff, in the case *Wehringer v. Brannigan.* Complaint ("Compl.") ¶ 7. That litigation was brought by Wehringer to recover damages against individuals who had tape recorded the plaintiff's voice, allegedly in violation of M.G.L. c. 272 § 99 and 18 U.S.C. § 2510. *Id.* ¶ 8. Wehringer claims that Powers & Hall committed legal malpractice during the course of their representation by committing the following acts: (1) falsely representing to the Essex Superior Court that their withdrawal from the case would not prejudice the plaintiff; (2) failing to respond to the plaintiff's questions; (3) failing to respond to the plaintiff's inquiry regarding potential counterclaims; (4) failing to amend the complaint to add an additional count; (5) failing to

research legal questions posed by plaintiff; (6) taking no action with regard to plaintiff's case for over one year until permission was granted for defendant to withdraw from representing plaintiff; (7) improperly billing him, temporarily, for time spent attempting to withdraw as plaintiff's counsel. *See* Compl. ¶¶ 24–31.

Plaintiff further alleges that these negligent acts by the defendant caused him to suffer emotional and psychological anguish. *Id.* ¶ 34. Plaintiff seeks both compensatory and punitive damages in the sum of five million dollars. Plaintiff originally filed this action in the United States District Court for the Southern District of New York. Since federal subject matter jurisdiction was based on diversity of citizenship under 28 U.S.C. § 1332, and the acts complained of had occurred in Massachusetts, the instant action was transferred to this court pursuant to 28 U.S.C. § 1406(a).

## II. Discussion

### A. The Motion to Dismiss Standard

 In considering a motion to dismiss, the court must:

> [L]ook only at the allegations of the complaint, and if under any theory they are sufficient to state a cause of action in accordance with law, a motion to dismiss the complaint must be denied. In reviewing such a motion, the allegations of the complaint must be taken as true.

*Knight v. Mills,* 836 F.2d 659, 665 (1st Cir. 1987) (citations omitted). The court must also view the facts alleged in the complaint in the light most favorable to the plaintiff, and may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [him] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Gooley v. Mobil Oil Corp.* 851 F.2d 513, 514 (1st Cir.1988); *Steiner v. Unitrode,* 834 F.Supp. 40, 42 (D.Mass.1993). When, as

here, the plaintiff is proceeding *pro se,* the complaint must be liberally construed. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *McDonald v. Hall,* 610 F.2d 16, 17 (1st Cir.1979).

### B. Unresolved Underlying Litigation

 Because this case has been brought under this court's diversity jurisdiction, Massachusetts law regarding legal malpractice applies to this claim. *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Massachusetts law, an attorney who is not a specialist owes his client a duty to exercise the skill and care of the average qualified practitioner. *Fishman v. Brooks,* 396 Mass. 643, 646, 487 N.E.2d 1377, 1379 (1986). Traditionally, a plaintiff who brings a professional malpractice action against an attorney must prove "that he probably would have obtained a better result had the attorney exercised adequate skill and care." *Id.* at 647, 487 N.E.2d at 1380; *McLellan v. Fuller,* 226 Mass. 374, 377–78, 115 N.E. 481, 483 (1917). Most commonly, this requirement obliges the plaintiff to present evidence of his likelihood of success in the underlying action in order to show that "but for the attorney's failure, the client probably would have been successful in the prosecution of the litigation giving rise to the malpractice claim." *Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.,* 25 Mass.App.Ct. 107, 515 N.E.2d 891 (1987). As the court pointed out in *Jernigan v. Giard,* 398 Mass. 721, 500 N.E.2d 806 (1986), this rule is appropriate because "former clients suffer a loss due to an attorney's negligence only if that negligence is shown to have made a difference to the client." *Id.* at 723, 500 N.E.2d at 807.

 At the time the plaintiff filed his complaint in the instant case, his cause of action for legal malpractice had not yet accrued, as the underlying suit was still pending in Essex Superior Court. *See Wehringer v. Brannigan,* Docket No. 87–2558. Therefore, accepting as true plaintiff's allegation that the defendant acted negligently in ceasing to provide professional services, plaintiff may not press his claim for damages without proof that he probably would have succeeded in his underlying lawsuit. However, Weh-

ringer cannot offer such proof until the underlying lawsuit has been resolved. In this respect, this case closely resembles *Colucci*, in which the court held that even if the defendant acted unreasonably in ceasing to furnish legal services without an additional payment, the plaintiff could not recover without proof of the likelihood of success in the underlying action. *See Colucci*, 25 Mass. App.Ct. at 113, 515 N.E.2d at 895. In the instant case, the plaintiff filed suit before the outcome of the litigation was determined, and thus his claim was premature.

## C. Emotional Distress Damages

■ However, plaintiff has also alleged that the negligence of the defendant has caused him severe emotional and mental distress. If Massachusetts law permits the recovery of emotional distress damages in legal malpractice actions, plaintiff's cause of action for legal malpractice accrued at the time the mental distress was suffered. According to *Cantu v. St. Paul*, 401 Mass. 53, 56, 514 N.E.2d 666, 668 (1987), a cause of action for legal malpractice accrues on discovery of "appreciable harm," even if the extent of the harm is not fully known at the time. *See also Massachusetts Electric Co. v. Fletcher, Tilton & Whipple*, 394 Mass. 265, 475 N.E.2d 390 (Mass.1985) (cause of action for legal malpractice accrues when plaintiff knows or reasonably should know he has sustained appreciable harm from defendant's negligence). It, therefore, follows that if emotional distress due to a lawyer's professional negligence is cognizable harm, Wehringer's cause of action has accrued.

As a general rule in Massachusetts, "[a]n attorney who [commits malpractice] is liable to his client for any reasonable foreseeable loss caused by his negligence." *Fishman*, 396 Mass. at 646, 487 N.E.2d at 1379. It appears that no Massachusetts court has permitted a plaintiff to recover emotional distress damages for legal malpractice committed in a case only involving property rights. In *Wagenmann v. Adams*, 829 F.2d 196 (1st Cir.1987), the Court of Appeals for the First Circuit analyzed whether emotional distress damages could be recovered in Massachusetts where an attorney's professional negli-

gence resulted in his client's involuntary commitment to a mental hospital. In affirming a judgment against the negligent attorney, the court found that emotional distress damages due to the client's involuntary commitment were a reasonably foreseeable consequence of the attorney's negligence because the attorney was representing the plaintiff in connection with involuntary commitment proceedings. *See id.* at 221–23. In so finding, however, the court stated:

> We offer no opinion on the appropriateness of denying recovery of "emotional distress" damages in cases where the claimed malpractice involves merely property rights. The situation is completely different where, as here, the lawyer's malpractice results in a loss of liberty.

*Id.* at 222 (citations omitted). The holding in *Wagenmann* comports with decisions in two other states that have allowed recovery for emotional distress damages in similarly exceptional circumstances. Although one state has forbidden recovery for emotional distress in all legal malpractice actions, *see Sanders v. Rosen*, 159 Misc.2d 563, 605 N.Y.S.2d 805, 810 (N.Y.Sup.Ct.1993) (limiting damages for malpractice to pecuniary loss), and one has permitted recovery in all circumstances, *see Henderson v. Domingue*, 626 So.2d 555, 559 (La.Ct.App.1993) (finding no difference between damages recoverable in legal malpractice and those in any other tort action), both California and Texas have limited recovery for emotional distress to the exceptional case. *See Rhodes v. Batilla*, 848 S.W.2d 833 (Tex. App.1993) (emotional distress damages recoverable in legal malpractice case under extraordinary or egregious circumstances); *Merenda v. Superior Court*, 3 Cal.App.4th 1, 4 Cal.Rptr.2d 87 (1992) (emotional distress damages recoverable in legal malpractice actions only if the emotional distress naturally ensues from the acts complained of).

In two well-reasoned opinions, California courts have explained that emotional distress damages in legal malpractice cases are available only in extreme cases. In reversing a verdict for a plaintiff for emotional distress damages, the court in *Pleasant v. Celli*, 18 Cal.App.4th 841, 22 Cal.Rptr.2d 663 (1993) recognized, as Massachusetts courts have,

that "foreseeability is the touchstone of emotional distress analysis." *Id.,* 22 Cal.Rptr.2d at 670; *see Fishman,* 396 Mass. at 646, 487 N.E.2d at 1379. In contrast to medical malpractice cases, the court noted that in legal malpractice cases, "generally, the only foreseeable impact on the plaintiff from an attorney's wrongdoing is an economic loss." *Id.,* 22 Cal.Rptr.2d at 670. Similarly, the court in *Smith v. Superior Court,* 10 Cal.App.4th 1033, 13 Cal.Rptr.2d 133 (1992), noted that "the primary interest protected in legal malpractice actions is economic and 'serious emotional distress is not an inevitable consequence of the loss of money.'" *Id.,* 13 Cal. Rptr.2d at 136, *citing, Merenda v. Superior Court,* 3 Cal.App.4th 1, 4 Cal.Rptr.2d 87 (1992). In *Smith,* the court reversed the trial court's denial of a motion to strike the emotional distress damage claim from the plaintiff's legal malpractice complaint, finding that there was no basis from which to conclude that the emotional injury to plaintiff was reasonably foreseeable. *Id.,* 13 Cal. Rptr.2d at 136. As a result of these holdings, California courts have limited recovery for emotional damages in legal malpractice to cases that involve more than the "garden variety claim of legal malpractice." *Merenda,* 4 Cal.Rptr.2d at 89. In *Pleasant,* the court specifically stated:

> We do not mean to suggest that emotional distress damages can never be recovered in legal malpractice actions. It is possible to envision cases in which the attorney's conduct—while not necessarily intentional or in bad faith—is so reckless and the resulting damage is so foreseeable that imposition of liability is proper.

22 Cal.Rptr.2d at 670.

█ This court believes that the California rule—permitting recovery for emotional distress damages arising from legal malpractice only in exceptional circumstances—would be followed by the courts of the Commonwealth of Massachusetts because it is based on the same considerations of foreseeability and "proximate cause" that inform Massachusetts law in the area of legal malpractice. *See Fishman,* 396 Mass. at 646, 487 N.E.2d at 1379; *Colucci,* 515 N.E.2d at 894. Furthermore, this decision comports with the Court of Appeals for the First Circuit's approach in *Wagenmann,* in which the central factor in the court's decision to permit recovery for emotional distress damages was the reasonable foreseeability of emotional distress in circumstances in which the defendant's professional negligence was likely to result in the defendant's involuntary commitment to a mental hospital. Here, no similar exceptional circumstances have been alleged. Therefore, as a matter of law, plaintiff's allegations of legal malpractice are insufficient to state a claim to recover for emotional distress on which relief may be granted.

█ Indeed, it is generally more difficult to recover damages for emotional distress under Massachusetts law than under California law. Under Massachusetts law, a plaintiff seeking to recover damages for negligently inflicted emotional distress must demonstrate some physical manifestation or other objective evidence of mental anguish in order to recover. *See Payton v. Abbott Labs.,* 386 Mass. 540, 555, 437 N.E.2d 171, 180 (1982). In *Sullivan v. Boston Gas,* 414 Mass. 129, 605 N.E.2d 805 (1993), the Supreme Judicial Court clarified the *Payton* physical harm requirement, ruling that "plaintiffs must corroborate their mental distress claims with enough objective evidence of harm as to convince a judge that their claims present a sufficient likelihood of genuineness to go to trial." *Id.* at 137–38, 605 N.E.2d at 810. California, however, has abandoned its requirement that a plaintiff demonstrate physical impact or injury prior to recovering for emotional distress. *See, Molien v. Kaiser Foundation Hospitals,* 27 Cal.3d 916, 167 Cal.Rptr. 831, 616 P.2d 813 (1980); *Burgess v. Superior Court,* 2 Cal.4th 1064, 9 Cal. Rptr.2d 615, 619, 831 P.2d 1197, 1201 (1992). Thus, it is unlikely that Massachusetts would adopt a more lenient standard than California for recovery of emotional distress damages in legal malpractice cases.

Where, as here, the plaintiff has failed to allege exceptional facts in a legal malpractice case that would make emotional distress reasonably foreseeable, the plaintiff has failed to

state a claim upon which relief may be granted.[1]

### III. Order

For the foregoing reasons, the defendant's motion to dismiss the complaint for failure to state a claim (Dkt. No. 44) is hereby GRANTED, without prejudice to refiling, if, as a result of the resolution of the underlying lawsuit, plaintiff is able to state a claim for legal malpractice.

Plaintiff's motion for partial summary judgment (Dkt. 27) is hereby DENIED.

1. Although more properly addressed by a motion for summary judgment, it appears that in addition to the plaintiff's failure to state a claim, the plaintiff's emotional distress claims in the instant case may also be barred by the *Payton* rule, because the plaintiff may lack sufficient objective corroboration of his injuries. *See Wagenmann,* 829 F.2d at 22 n. 19 (noting that indicia of genuineness had been established conclusively).