RUP, J.
The plaintiff brought this action against the defendants alleging legal malpractice and other counts. The plaintiff argues that the defendants created a conflict of interest by representing another client with interests adverse to the plaintiff and that this conflict has prevented the plaintiff from recovering from another person in an unrelated action. The defendants now move for summary judgment pursuant to Mass.R.Civ.P. 56, contending that because the plaintiff has not shown that he was actually harmed as a result of their actions or omissions, his suit is premature and without legal basis.
FACTS
During 1991, Bruce Derosier (“Derosier”) made a loan to one Sean O’Leary (“O’Leary”) consisting of money and personal property in the total amount of $31,500.00. As of April or May 1992, O’Leary had not repaid the loan to Derosier.
Sometime in 1992, Derosier consulted the defendant Robert S. White (“White”) for legal advice concerning the loan he made to O’Leary. At the same time that Derosier contacted White about his claim against O’Leary, White’s law firm, Bourgeois, Millott, Dresser & Massad (“Bourgeios, Millott”), was also representing one Martha Garceau (“Garceau”) on a claim she had against O’Leary.
White and Bourgeois, Millott simultaneously represented Derosier and Garceau on their respective cases *570 against O’Leary. The defendants did not notify Derosier and Garceau about the dual representation. On August 3, 1992, Bourgeois, Millott assisted Garceau in obtaining an attachment against O’Leaiy for $140,000; on August 12, 1992, Garceau obtained an agreement for judgment from O’Leary in the amount of $135,000. In August, 1992 Derosier discovered that Bourgeois, Millott was also representing Garceau on a claim against O’Leary. On or about October 7, 1992, White sent a letter to Derosier terminating the attorney-client relationship with respect to the O’Leary claim and all other legal matters in which Bourgeois, Millott represented Derosier.[1] In March, 1993, Derosier brought suit against the defendants alleging breach of fiduciary duty, attorney malpractice, infliction of emotional distress, violation of G.L.c. 93A, and misrepresentation. Derosier has not filed suit against O’Leary and he has not continued to pursue that matter.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and the moving parly is entitled to judgment as a matter of law. Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983): Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). Once the moving party establishes the absence of a triable issue, the parfy opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defend the motion. Pederson, supra at 17.
When bringing a claim for legal malpractice, the plaintiff must show that: the attorney failed to exercise reasonable care and skill in handling the matter for which the attorney was retained; the plaintiff has incurred a loss; and the attorney’s negligence is the proximate cause of the loss. Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein P.C., 25 Mass.App.Ct. 107, 111 (1987). Thus, a plaintiff cannot recover for an attorney’s malpractice unless she has suffered actual damages. Pelletier v. Chouinard, 11 Mass.App.Ct. 92, 95 (1989) citing, Fall River Savings Bank v. Callahan, 18 Mass.App.Ct. 76, 81 (1984). Furthermore, a plaintiff “must show that, but for the attorney’s failure, the [plaintiff] probably would have been successful in the prosecution of the litigation giving rise to the malpractice claim.” Colucci, supra at 113, citing Glidden v. Terranova, 12 Mass.App.Ct. 597, 600 (1981).
Derosier argues he has actually been damaged by the defendants’ representation of Garceau. He contends that since the defendants assisted Garceau in obtaining an attachment and judgment against O’Leary, Derosier will not recover on his claim against O’Leary. However, since Derosier has failed to pursue his claim against O’Leary, there is no showing that the defendants’ actions have impaired Derosier’s potential right of recovery against O’Leary.[2]
Since there has been no adjudication of Derosier’s claim against O’Leary, his claim of actual harm is speculative, and thus his malpractice claim is premature. Wehringer v. Powers & Hall, 1995 WL 40643, 2 (D. Mass. 1995); International Typographers, Inc. v. Utica Mutual Insurance Co., et als. (Middlesex Super.Ct. Civil No. 93-5612 October 14, 1994). While the defendants’ actions may at some later point contribute to an adverse legal ruling for Derosier in a suit brought against O’Leary, and diminish Derosier’s recovery, no such damage has yet occurred. Furthermore, a future suit against O’Leary may fail for reasons having nothing to do with the defendants’ acts or omissions. International Typographers, Inc., supra at 5. Therefore, even accepting as true Derosier’s allegation that the defendants acted negligently in providing professional services, Derosier may not press his claim for damages without proof that he probably would have succeeded in his underlying lawsuit against O’Leary. Wehringer, supra at 2.
Because Derosier’s claims of breach of fiduciary duty, violation of G.L.c. 93A, and misrepresentation are based on the same theory, they are also without a legal basis. See Van Brode Group, Inc. v. Bowdttch & Dewey, 36 Mass.App.Ct. 509, 517 (1994).
Derosier also alleges that the defendants’ intentional, extreme and outrageous conduct caused him severe emotional distress. While the Court of Appeals for the First Circuit, applying Massachusetts law, has held that emotional distress damages are recoverable where the attorney’s malpractice results in loss of a liberty right, no Massachusetts court has permitted a plaintiff to recover emotional distress damages for legal malpractice committed in a case involving merely an economic interest. Wagenmann v. Adams, 829 F.2d 196, 221-22 (1st Cir. 1987); Wehringer, supra at 3. In Wehringer, the court suggested that courts of the Commonwealth would probably permit recovery for emotional distress arising from legal malpractice only in exceptional circumstances. Id. at 4.
Furthermore, in his opposition, Derosier states only that he suffered emotional distress as a result of the defendants’ actions. He has not put forth any specific exceptional facts in his legal malpractice claim that would make his emotional distress reasonably foreseeable. Id. at 5. Furthermore, Derosier has not “corroborated [his] mental distress claims with enough objective evidence of harm as to convince ajudge that [his] claims present a sufficient likelihood of genuineness to go to trial.” Sullivan v. Boston Gas Co., 414 Mass, 129, 137-38 (1993). Thus, although a “toehold” is usually enough to survive a motion for summary judgment, Derosier has failed, as a matter of law, to *571 show that his allegations of emotional distress, unsupported by specific facts, state a valid claim.
ORDER
For the foregoing reasons, the Defendants’ Motion for Summary Judgment is ALLOWED and it is ORDERED that all counts of the plaintiffs complaint be dismissed without prejudice.

There is some dispute between the parties as to why the defendants terminated the attorney-client relationship with the plaintiff. Plaintiff contends that, the relationship was ended because he discovered the dual representation of Garceau. In their termination letter, the defendants mention the relationship was ended because plaintiff began to discuss bringing suit against “another client” of the firm (presumably Garceau), creating a conflict of interest. The defendants suggested that the plaintiff obtain independent counsel on the O’Leary matter. Those facts — even though in dispute — are neither material nor relevant to the instant motion.

Specifically, Derosier has not shown that if he were to obtain a favorable judgment in a suit against O’Leary, the defendants’ acts or omissions would prevent him from recovering on such judgment.