USCA1 Opinion

 

 September 11, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1135 CAMERON K. WEHRINGER, Plaintiff, Appellant, v. POWER AND HALL, P.C., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Cameron K. Wehringer on brief pro se. ____________________ Raymond J. Kenney Jr., Kevin C. Reidy and Martin, Magnuson, _____________________ ______________ _________________ McCarthy & Kenney on brief for appellee. _________________ ____________________ ____________________ Per Curiam. Plaintiff-appellant, Cameron K. ___________ Wehringer, appeals pro se from the district court's dismissal ___ __ pursuant to Fed. R. Civ. P. 12(b)(6) of his complaint, "without prejudice to refiling, if, as a result of the underlying lawsuit, plaintiff is able to state a claim for legal malpractice." He also appeals from the denial of his motion for partial summary judgment and from the district court's failure to grant his motion for default judgment. We affirm on the basis of the district court's well-reasoned Memorandum and Order, dated January 5, 1994. We add only the following few additional comments. I. Dismissal for Failure to State a Claim ______________________________________ The district court ruled that Wehringer's claim for legal malpractice was premature in that it was filed before the outcome in the underlying litigation (in which defendant- appellant Powers & Hall, P.C. ("Powers") represented him) was determined. The underlying case against four individuals who allegedly tape recorded Wehringer's voice in violation of state and federal wiretapping laws, is still pending in state court. Powers was granted leave to withdraw from representing Wehringer in the case on April 21, 1989. New counsel entered an appearance on April 23, 1993. The district court ruled that, even assuming negligence, Wehringer could not demonstrate damages absent proof that he probably would have succeeded in the underlying action. Such -3- proof could not be offered until the underlying suit was completed. On appeal, Wehringer argues that even before the outcome is known in the underlying case, he has suffered harm as a result of Powers' negligence. The alleged harm is as follows: 1) the inability to bring a new claim (now allegedly barred by the statute of limitations) against Audrey Brannigan, a defendant against whom all claims were previously voluntarily dismissed; 2) Powers' billing of Wehringer for time spent seeking to withdraw from the case, forcing him to bring this lawsuit; and 3) legal fees paid to counsel hired by Powers in April 1993, to represent him in the underlying litigation. We address each allegation of harm separately. A. Claim Barred by Statute of Limitations ______________________________________ Wehringer argues on appeal that as a result of Powers' negligence in failing to even discuss with him the feasibility of amending the complaint, he has forever lost the opportunity to pursue a claim against Audrey Brannigan ("Brannigan"), as to which the statute of limitations allegedly has run. This argument is doubly flawed. First, it is not at all clear that the running of the statute of limitations would bar the amendment of the complaint to add Brannigan as a defendant. "Massachusetts has long had a liberal policy allowing amendments which add or substitute -4- parties after the statute of limitations has expired." Bengar ______ v. Clark Equipment Co., 401 Mass. 554, 556 (1988); see Mass. ___________________ ___ R. Civ. P. 15(c); cf. Fed. R. Civ. P. 15(c). Wehringer has ___ not alleged that he ever attempted to amend the complaint to add the claim against Brannigan. Second, even if Powers was negligent in failing to amend the complaint prior to the running of the statute of limitations, Wehringer has suffered no loss therefrom unless the claim probably would have succeeded. Until the underlying lawsuit is completed, Wehringer cannot offer such proof. Therefore, the complaint fails to allege harm as the proximate result of Powers' alleged negligence in failing to amend the complaint. B. Billing for Time Spent Seeking to Withdraw __________________________________________ Wehringer has failed to allege harm in this respect because in its answer to the complaint, Powers admitted that Wehringer does not owe fees for time Powers spent seeking to withdraw. Therefore, any potential claim of harm that may have existed in this regard is now moot. Wehringer's argument that he has suffered harm in the form of filing fees and other costs of bringing this lawsuit solely to protect against Powers' attempt to collect fees for time spent on withdrawal is belied by the continuation of this lawsuit long after that issue has become moot. -5- C. Legal Fees Paid to Replacement Counsel  ______________________________________ This argument is raised for the first time on appeal. The complaint does not allege that any legal costs were incurred as a result of Powers' negligence. In Wehringer's Opposition to Powers' Motion to Dismiss, Wehringer stated that he couldn't afford to hire counsel in the underlying case after Powers withdrew: Lawyers are just too expensive, and plaintiff is without the resources to engage counsel. This is true in the underlying case and in this federal case ___ against Powers & Hall, P.C. Appellant's Appendix, p. 62 (emphasis in original). Having not presented his legal fees as harm argument below, Wehringer cannot raise it for the first time on appeal. See ___ National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 749 _________________________ ______________ (1st Cir.), cert. denied, __ U.S. __, 115 S. Ct. 2247 (1995). _____ ______ Even if we were to consider the claim of harm in the form of legal fees, the argument has no merit. Under Massachusetts law, a cause of action for legal malpractice may accrue at the time that legal expenses are incurred as a result of the alleged malpractice, notwithstanding that an underlying action is still pending. See Levin v. Berley, 728 ___ _____ ______ F.2d 551, 554 (1st Cir. 1984) (applying Massachusetts law and holding that legal malpractice cause of action against attorney who drafted plaintiff's will accrued when plaintiff -6- suffered harm in the form of additional legal fees incurred to ameliorate harm caused by defendant attorney's error); Cantu v. St. Paul Cos., 401 Mass. 53, 57 (1987) (legal _____ _______________ malpractice cause of action accrued while underlying litigation was still pending on appeal where plaintiff hired attorney to advise him regarding personal financial exposure resulting from defendant attorney's negligence in failing to timely notify excess insurer of the underlying claim); Massachusetts Elec. Co. v. Fletcher, Tilton & Whipple, P.C., _______________________ ________________________________ 394 Mass. 265, 268 (1985) (cause of action accrued for legal malpractice when plaintiffs incurred substantial legal expenses in defense of a claim based in part on the negligent conduct of their attorneys, notwithstanding that the underlying litigation was still pending).  This case is distinguished from the cases cited above, however, by the failure of Wehringer to allege that legal expenses were incurred as the proximate result of Powers' alleged negligence. After Powers' withdrawal, Wehringer entered an appearance pro se. Replacement counsel ___ __ did not enter an appearance in the underlying action until April, 1993. In his reply brief, Wehringer argues that he sustained harm in the form of legal fees paid to the counsel he eventually hired to represent him in the underlying action four years after Powers' withdrawal. This harm, however, is not the result of Powers' alleged negligence. The legal fees -7- for pursuit of the underlying litigation would have been incurred by Wehringer even in the absence of any negligence by Powers. Therefore, the district court did not err either in dismissing the action without prejudice as premature or in denying the appellant's motion for partial summary judgment. II. Default Judgment ________________ The district court did not err in failing to grant Wehringer's motion for default judgment on the ground that Powers failed to file an answer to the complaint on time. Wehringer served the summons and complaint on September 27, 1991. On October 17, 1991, Powers filed a motion to dismiss for insufficiency of service of process. See Fed. R. Civ. P. ___ 12(b)(5). On February 14, 1992, Wehringer moved for default judgment for failure to file an answer to the complaint on time. At that moment, the district court had not yet ruled on Powers' motion to dismiss and, therefore, the deadline for filing an answer had not yet passed. See Fed. R. Civ. P. ___ 12(a)(4)(A) (service of motion under Fed. R. Civ. P. 12 postpones the deadline for filing an answer until 10 days after notice of the court's action on the motion). Wehringer argues that Powers' motion to dismiss was denied "de facto" by the issuance of a discovery schedule on January 9, 1992, by the magistrate judge to whom the case was referred. As Wehringer freely admits, there is no legal authority to support his argument. Therefore, the district -8- court committed no error in failing to enter a default judgment. Accordingly, the district court's dismissal of this action is affirmed. ________ -9-