USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 
No. 97-1654
 
 THE MEDICAL PROFESSIONAL MUTUAL INSURANCE COMPANY, ET AL.,
 
 Plaintiffs, Appellants,
 
 v.
 
 BREON LABORATORIES, INC. AND
 STERLING WINTHROP, INC.,
 
 Defendants, Appellees.
 
 
No. 97-1837
 
 THE MEDICAL PROFESSIONAL MUTUAL INSURANCE COMPANY, ET AL.,
 
 Plaintiffs, Appellants,
 
 v.
 
 BREON LABORATORIES, INC. AND
 STERLING WINTHROP, INC.,
 
 Defendants, Appellees.
 
 
 
 APPEALS FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. William G. Young, U.S. District Judge]
 
 
 
 Before
 
 Stahl, Circuit Judge,
 
 Cyr, Senior Circuit Judge,
 
and Shadur, Senior District Judge.

 
 
 
 
 Edward D. McCarthy, with whom Ann L. Simoneau, McCarthy, Bouley &
 Barry, Michael E. Mone and Esdaile, Barrett & Esdaile were on brief
 for appellants.
 Peter B. Ellis, with whom Michael P. Boudett and Foley Hoag & Eliot
 LLP were on brief for appellees.
 
 
 
 
 March 31, 1999
 Per curiam. In March 1994, Dr. Lawrence Simons and his
insurer ("appellants") settled the medical malpractice action
brought by a former patient who had been seriously injured by an
anesthetic drug improperly administered by Simons in 1981. 
Within a year of the settlement, appellants brought suit in
federal district court against the drug manufacturer, Breon
Laboratories, Inc. ("Breon"), seeking contribution, as well as
damages for Breon's negligence, breach of warranty, infliction of
emotional distress, and unfair trade practices. Finding all
claims barred by the various statutes of limitations, the
district court granted summary judgment for Breon.
 As to appellants' contribution claim, we concluded that
the limitations provisions of the Massachusetts Contribution
Among Joint Tortfeasors Act, Mass. Gen. Laws Ann. ch. 231B, 
3(c),(d), were susceptible to differing interpretations, and
therefore certified the question to the Supreme Judicial Court of
Massachusetts ("SJC"). See Medical Professional Mut. Ins. Co. v.
Breon Labs., Inc., 141 F.3d 372 (1st Cir. 1998). The SJC having
responded in appellants' favor, see Medical Professional Mut.
Ins. Co. v. Breon Labs., Inc., 705 N.E.2d 260 (Mass. 1999), we
now vacate the district court's dismissal of appellants'
contribution claim and remand to the district court for further
proceedings.
 As to appellants' other tort and contract claims,
however, we affirm the district court dismissal. The respective
limitations periods ran from the time appellants were first on
notice that they had suffered some appreciable harm at Breon's
hands, whether or not they appreciated the full extent of the
harm. See, e.g., White v. Peabody Constr. Co., 434 N.E.2d 1015,
1020 (Mass. 1982). Dr. Simons admits that he first suffered
emotional damages in 1981, upon observing his patient's violent
reaction to the drug. In 1996, moreover, Simons unambiguously
attested that he suffered no economic losses or out-of-pocket
damages. A year later, Simons attested (without supporting
documentation) that he personally paid to retain an attorney in
November 1993 to handle any liability claims in excess of his
insurance coverage. Such belated, thinly-veiled attempts to
skirt a statute-of-limitations bar are futile. See Colantuoni v.
Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994)
("When an interested witness has given clear answers to
unambiguous questions, he cannot create a conflict and resist
summary judgment with an affidavit that is clearly contradictory,
but does not give a satisfactory explanation of why the testimony
is changed."). Similarly, Simons' insurer first expended funds
in 1985 to defend Simons against the malpractice suit. SeeMassachusetts Elec. Co. v. Fletcher, Tilton & Whipple, P.C., 475
N.E.2d 390, 392 (Mass. 1985). Thus, its contention that it did
not suffer appreciable harm until the March 1994 settlement is
disingenuous.
 The judgment dismissing appellants' contribution claim
is vacated and remanded for further proceedings. In all other
respects, the judgment is affirmed. Costs to appellants.